RECEIVED

DEC 30 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TWANA E. CLAY | CIVIL ACTION NO. 08-0072 |
| VERSUS | JUDGE DOHERTY |
| U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE METHVIN |

## JUDGEMENT

This matter was referred to United States Magistrate Judge C. Michael Hill for Report and Recommendation ("R&R"). After review, the Magistrate Judge recommended "that the Commissioner's decision be **REVERSED**, and the claimant be awarded benefits." [Doc. 10, p.22] After conducting an independent review of the record, including the objections to the R&R filed by defendant, this Court adopts all of the Report and Recommendation, save and except the section entitled "**(18) The ALJ's Findings**"; for the reasons that follow, this Court declines to accept the section entitled "**(18) The ALJ's Findings**," and **REMANDS** this matter to the Commissioner for further administrative action.[1]

This Court's standard of review in this matter is stated as follows:

> In reviewing the Secretary's decision to deny disability and SSI benefits, this court is limited to a determination that the Secretary's decision was supported by substantial evidence existing in the record as a whole and that no errors of law were made. In applying the "substantial evidence" test, we must carefully scrutinize the record to determine if, in fact, such evidence is present. However, we may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgment for that of the Secretary, even if the evidence preponderates against the Secretary's decision. Substantial evidence means more than a scintilla, but less than a preponderance and is:

---

[1] The section entitled "**(18) The ALJ's Findings**" is found at pp. 18-22 of the Report and Recommendation. [Doc. 19]

> [S]uch relevant evidence as a reasonable mind might accept to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988)(quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)(internal quotations, citations and footnotes omitted); *see also* Randall v. Astrue, 570 F.3d 651, 656 n.5 (5th Cir. 2009)(district court and appellate court perform "identical substantial-evidence review").

With regard to the pending claim, the Court first notes it appears the Magistrate Judge afforded the opinion of Dr. Heitkamp[2] controlling weight with regard to whether claimant "is able to engage in substantial gainful activity," despite substantial evidence in the record supporting the ALJ's determination. [Doc. 10, p.21] Johnson at 343 (The reviewing court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, "even if the evidence preponderates against the [Commissioner's] decision.") For example, the Magistrate Judge found in this matter:

> Dr. Heitkamp believed that most of claimant's pain was from fibromyalgia and post-lumbar pain syndrome with marked emotional liability. He thought that with these problems, claimant was not emotionally capable for the stress of any position. The undersigned finds that Dr. Heitkamp's opinion is especially compelling in light of the fact that he is the physician for the Social Security Administration, and not claimant. Further, the records from claimant's treating physicians at UMC indicate that claimant is still under active treatment for depression and fibromyalgia. (Tr. 817).

[Doc. 10, p. 19] However, the R&R contains no discussion of the ALJ's reliance upon the opinions

---

[2]Dr. Heitkamp is a consultative examiner retained by the Social Security Administration to examine plaintiff.

of Dr. Bernard[3], Dr. Ritter[4], and Dr. Smith[5], nor why the Magistrate Judge found these opinions (which contradict Dr. Heitkamp's opinion) did not constitute "substantial evidence" in support of the ALJ's decision. *See* Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990)(It is the ALJ's responsibility to resolve conflicting medical opinions).

Second, the R&R states, "Here, the ALJ erred in failing to determine whether claimant was capable not only of obtaining employment, but also maintaining it. *Watson*, 288 F.3d at 218." [Doc. 10, p. 21 (citing Watson v. Barnhart, 288 F.3d 212, 217 (5th Cir. 2002))] This Court disagrees. In Frank v. Barnhart, 326 F.3d 618 (5th Cir. 2003), claimant argued the Watson decision requires "that in all disability cases the Commissioner must make a finding that a claimant is capable of sustained employment in order to defeat a disability claim." Id. at 618. However, the Fifth Circuit found "nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case." Id. The Court further found, "*Watson* requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." The Court further clarified Watson, stating:

> At bottom, Watson holds that in order to support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time.

---

[3]After an examination of claimant and a review of the MRIs, "Dr. Bernard stated there was no evidence of degenerative changes, bony or lesion, otherwise; there was no evidence of any herniation or other problems throughout the spine." [Doc. 5, Vol. 1, p.27; *see also id.* at pp. 130, 134]

[4]Dr. Ritter's impression was hypertension, chronic back pain and asthma. He found "claimant would have no limitations on lifting and/or carrying; standing and/or walking; sitting; on any postural maneuvers; reaching, pushing, pulling or manipulating objects; or any environmental limitations except for no airway irritants." [Doc. 5, Vol. 1, p. 31, *see also id.* at 261, 567]

[5]Dr. Smith is a medical expert witness who testified at claimant's administrative hearing. He ultimately testified claimant "neither meets nor medically equals any impairment listed in Appendix 1." [Doc. 5, Vol. 1, p.33; *see also* Vol. 2 at 919 -926]

> An ALJ may explore this factual predicate in connection with the claimant's physical diagnosis as well as in the ability-to-work determination. Usually, the issue of whether the claimant can maintain employment for a significant period of time will be subsumed in the analysis regarding the claimant's ability to obtain employment. Nevertheless, an occasion may arise, as in Watson, where the medical impairment, and the symptoms thereof, is of such a nature that separate consideration of whether the claimant is capable of maintaining employment is required. Frank did not establish the factual predicate required by Watson to necessitate a separate finding in this regard.

In this matter, it appears the factual predicate upon which the Magistrate Judge relied for finding the ALJ should have considered claimant's ability to maintain employment consists of the following: (1) the opinion of Dr. Heitkamp, (2) claimant's mental impairments, (3) side effects caused by claimant's medications, and (4) testimony from the vocational expert, which "confirmed that claimant would be unable to perform any work if her testimony as to her complaints was fully credible." [Doc. 10, p. 20]

With regard to numbers 1 and 2, the Court finds the ALJ properly weighed the testimony and evidence, but nevertheless found, based upon "substantial evidence existing in the record as a whole," that claimant was not disabled. [Doc. 5, Vol. 1, pp. 26, 28, 31, 32 and 34] With regard to number 4, the ALJ's hypothetical question to the vocational expert "incorporate[d] reasonably all disabilities of the claimant recognized by the ALJ." Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). [Doc. 5, Vol. 2, pp. 928-32] Additionally, plaintiff's counsel availed himself of "the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hopthetical questions." Id. [Doc. 5, Vol. 2, pp. 932-34][6] Accordingly, the Court finds no error with regard to the foregoing factors.

---

[6] Furthermore, the ALJ specifically found plaintiff's complaints were neither credible nor corroborated by the evidence. [*See* Doc. 5, vol 1, p. 34] Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000)(ALJ's assessment of a claimant's credibility is accorded great deference).

-4-

However, this Court agrees with that portion of the R&R which finds the ALJ failed to address the side effects of plaintiff's medications in its Ruling. This constitutes error. Pursuant to the Social Security Regulations, "the Commissioner is required to consider the type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [] pain or other symptoms." Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir. 1999)(citing 20 C.F.R. § 404.1529(c)(3)(iv)). Consequently, when a claimant complains of medication side effects, and the ALJ fails to evaluate those side effects and their impact on the claimants residual functional capacity, the ALJ commits error. Crowley, *supra*; Brown v. Barnhart, 285 F. Supp. 2d 919, 935 (S.D. TX 2003). In this matter, claimant is required to take a large number of medications, including antidepressants and anti-anxiety agents. Drowsiness and stomach issues are listed among their common side effects. (*See generally* Physicians Desk Reference 2009) The record documents plaintiff complained of drowsiness on several occasions. [*See e.g.* Doc. 5, Vol. 1, pp. 28, 29, 31, and 33][7] Accordingly, an evaluation of medication side effects and any impact on claimant's RFC would have been appropriate in this case, and the ALJ erred by failing to make such an evaluation.

Due to the foregoing, the Court finds this case must be remanded to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g). This includes, but does limit, sending the case to the hearing level with instructions to the Administrate Law Judge to obtain a consultative evaluation on claimant's impairments of daytime sleepiness secondary to

---

[7]However, the Court notes on the forms plaintiff submitted in connection with her application for benefits, plaintiff was specifically asked to identify any side effects from her medications, yet plaintiff provided no response. [*See* Doc. 5, Vol. 1, pp. 87, 89] Additionally, at the administrative hearing, the ALJ specifically asked plaintiff about any side effects caused by her medications, but claimant responded only with "some of my nerve medicine make my stomach cramps a lot." [Doc. 5, Vol. 2, p. 913] Nevertheless, a claimant need not refer to his symptoms as "medication side effects," but must merely lodge complaints of the symptoms in order to have those symptoms assessed in claimant's RFC. Brown v. Barnhart 285 F.Supp. 2d 919, 935 (S.D. TX 2003).

medications, as well as any other side effects from claimant's medications. Claimant shall be afforded the opportunity to submit additional evidence and to testify at any supplemental hearing. Inasmuch as the remand recommended herein falls under sentence four of Section 405(g), any judgment entered in connection herewith will be a "final judgment" for purposes of the Equal Access to Justice Act. *See* Richard v. Sullivan, 955 F.2d 354 (5th Cir. 1992) and Shalala v. Schaefer, 509 U.S. 292 (1993).

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 30 day of December, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE